FILED

08 APR 23 AM 9:08

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: ⁄⁄    DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAUSTINO ROBINSON,<br><br>    Plaintiff,<br>v.<br><br>GARY HUBBARD, et al.,<br><br>    Defendants. | CASE NO. 07-CV-2051 W (AJB)<br><br>ORDER (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; AND (2) DISMISSING COMPLAINT |

On October 29, 2007, Plaintiff Faustino Robinson commenced this action against Doug Harvey, in his capacity as the manager of the Plaza Hotel, and others. Plaintiff also filed a motion to proceed in forma pauperis. The court decides the matter on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d.1). For the reasons outlined below, the Court **GRANTS** the motion to proceed *in forma pauperis*, and **DISMISSES** the complaint for failure to state a claim upon which relief can be granted.

I.    <u>Background</u>

In his complaint, Robinson appears to charge defendants with unlawfully opening his mail. This is at least the fourth complaint that asserts this same cause of action; the

first three were dismissed for failure to state a claim upon which relief can be granted and/or for failure to timely prosecute. See Faustino Robinson v. Doug Harvey, No. 06-cv-1455; Faustino Robinson v. Gary Hubbard, et. al., No. 06-cv-2324; Faustino Robinson v. Gary Hubbard, et. al., No. 07-cv-1560.[1]

Robinson now seeks to proceed *in forma pauperis*.

## II. Motion to Proceed in Forma Pauperis

### A. Legal Standard

The determination of indigency falls within the district court's discretion. Cal. Men's Colony v. Rowland, 939 F.2d 854, 858 (9th Cir. 1991), rev'd on other grounds, 506 U.S. 194 (1993) ("[28 U.S.C. §] 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."). A party need not be completely destitute to proceed IFP. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339–40 (1948); see also Olivares v. Marshall, 59 F.3d 109, 112 (9th Cir. 1995) ("[T]he filing fee, while discretionary, should not take the prisoner's last dollar."). Rather, to satisfy the requirements of 28 U.S.C. § 1915(a), an affidavit need only state that one cannot "because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." Adkins, 335 U.S., at 339. At the same time, however, the court must "assure that federal funds are not squandered to underwrite, at public expense, . . . the remonstrances of a suitor who is financially able,

---

[1] Over the past two years, Robinson also filed the following lawsuits in this district: Robinson v. Brohos, No. 07-cv-875; Robinson v. Immigration Deportation, No. 06-cv-438; Robinson v. INS, No. 06-cv-338; Robinson v. Social Security, No. 06-cv-761; Robinson v. Burns, No. 07-cv-1095; Robinson v. Burns, No. 07-cv-1380; Robinson v. Harvey, No. 06-cv-1455; Robinson v. Hubbard, No. 06-cv-2324. Based on Robinson's propensity to file frivolous and harassing lawsuits, on October 30, 2007, this Court entered an order in civil case no. 07cv1560 declaring Robinson a vexatious litigant and enjoining him from suing, among others, the defendants in this lawsuit, without first obtaining leave from the Chief Judge of the United States District Court for the Southern District of California. (See 07cv1560, Doc. No. 5.) That order was filed one day *after* Robinson filed this lawsuit.

in whole or in material part, to pull his own oar." Temple v. Ellerthorpe, 586 F. Supp. 848, 850 (D.R.I. 1984).

**B.   Robinson meets the requirements to proceed in forma pauperis.**

Robinson is currently unemployed and last worked in March of 1984. He has no checking or savings accounts, owns no automobiles or real estate, and according to his IFP application, has no monthly income. Indeed, it appears that Robinson depends entirely on a local charity for support. Robinson's assets and income would not allow him to pay the filing fee without impairing his ability to obtain the necessities of life. Accordingly, the Court **GRANTS** Robinson's request to proceed *in forma pauperis*.

**III.   Sua Sponte Review of the Complaint**

**A.   Legal Standard**

Under 28 U.S.C. § 1915(e)(2)(B)(ii), after a district court grants an application to proceed IFP, it must review the complaint sua sponte. Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000). If the complaint fails to state a claim, "the court *shall* dismiss the case at any time if the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii) (emphasis added).

Rule 12(b)(6) sets for the standard for failure to state a claim. Under Rule 12(b)(6), the court must take all allegations of material fact in the complaint as true and construe them in the light most favorable to the plaintiff. See Parks Sch. of Business, Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). The court may dismiss either for lack of a cognizable legal theory or lack of sufficient facts alleged under a cognizable legal theory. Robertson v. Dean Witter Regnolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984). Further, Rule 8(b) requires a statement that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.

**B. Robinson's complaint fails to state a claim.**

The court's review of Robinson's complaint reveals no facts sufficient to state a claim upon which relief may be granted. Robinson's complaint consists of one incomprehensible paragraph of allegations, and nowhere references a federal cause of action. The court can only infer that Robinson believes the defendants have tampered with his mail. But the federal statutes criminalizing mail tampering do not provide a private civil cause of action. See 18 U.S.C. §§ 1701–03; Contemporary Mission, Inc. v. U.S. Postal Serv., 648 F.2d 97, 103 n.7 (2d Cir. 1981) (holding that the district court correctly rejected these criminal statutes as a basis for jurisdiction in a civil case). Robinson's complaint contains no other allegations suggesting a discernible federal case.

Because Robinson's complaint fails to state a cognizable legal theory, the court will **DISMISS** it without prejudice.

**IV. Conclusion & Order**

In light of the foregoing, the court **GRANTS** the motion to proceed *in forma pauperis*, and **DISMISSES** the complaint for failure to state a claim upon which relief can be granted.

**IT IS SO ORDERED.**

Dated: April 21, 2008

Hon. THOMAS J. WHELAN
United States District Court
Southern District of California